IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHN O. DeVRIES,                    )
on behalf of himself and all others )
similarly situated,                 )
                                    )          Civil Action File No.:
        Plaintiffs,                 )
                                    )
v.                                  )
                                    )
PRIVATE LABEL NUTRACEUTICALS,       )
LLC, AVEXYL PHARMA, LLC,            )
ERIKSON PHARMACEUTICALS,            )
BJARTE RENE, and MELISSA RENE.      )
                                    )
        Defendants.                 )

## COMPLAINT

COMES NOW Plaintiff, John O. DeVries, by and through his undersigned

counsel, and files this lawsuit against Private Label Nutraceuticals, LLC, Avexyl

Pharma, Erikson Pharmaceuticals, Bjarte Rene and Melissa Rene, on behalf of

himself and all others similarly situated, pursuant to Section 216(b) of the Fair

Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*., as amended (hereinafter

"FLSA" or "the Act"), and in support thereof would further state as follows:

### I.     Introduction

1.     The instant action arises from Defendants' violations of Plaintiff's rights

under Section 7 of the Fair Labor Standards Act, as amended, 29 U.S.C.A. § 207,

and related and applicable federal regulations (including 29 C.F.R. Parts 516 and

778).  This action is being filed pursuant to  the collective action provisions  of 29

U.S.C.A. §216(b), to remedy violations of the overtime provisions of the FLSA by

Defendants which have deprived Plaintiff, as well as others similarly situated to the

named Plaintiff, of their lawful overtime compensation.

2.      The other individuals who are similarly situated to the named Plaintiff on

whose behalf this action is filed and being pursued include current and former sales

employees of the named Defendants,  including individuals employed as sales

employees but improperly classified by Defendants as independent contractors of

Defendants, all of whom are entitled to receive overtime compensation for the

reasons alleged in this Complaint.    Any similarly situated employee wishing to

become a party plaintiff or to otherwise opt in to this collective action must

provide "his [or her] consent in writing to become such a party," and such consent

must be filed with this Court. 29 U.S.C. § 216(b).

3.      This action is brought to recover unpaid overtime compensation owed to the

Plaintiff and all current and former employees of Private Label Nutraceuticals,

LLC, Avexyl Pharma, and Erikson Pharmaceuticals who are similarly situated to

the Plaintiff, pursuant to the FLSA.  The Plaintiff and the collective group of

similarly situated employees, including improperly-classified independent

contractors, are or have worked as salespersons for Private Label Nutraceuticals,

LLC, Avexyl Pharma, LLC and/or Erikson Pharmaceuticals, have worked in

excess of forty (40) hours in a workweek, and are entitled to overtime compensation for such overtime hours worked.

4.      For at least three years prior to the filing of this Complaint, Defendants have committed widespread violations of the FLSA by failing to compensate non-exempt employees at an overtime rate for all hours worked in excess of 40 hours in a given workweek.

5.      Plaintiff and all similarly situated employees who elect to participate in this action seek unpaid overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## II.      Jurisdiction and Venue

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

7.      Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b)-(c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants maintain their principal places of business within this District.

## III.      Parties

8.      Plaintiff JOHN O. DeVRIES resides in Sandy Springs, Georgia (within this District) and is a citizen of the United States.  DeVries was employed by Defendant PLN in Norcross, Georgia as a salesperson of nutritional supplements

from January 28, 2013 to October 14, 2014. He regularly worked within this District.

9.     Defendant PRIVATE LABEL NUTRACEUTICALS LLC ("PLN") is a corporation based in Georgia which conducts business within this State and District and maintains its principal place of business at 1900 Beaver Ridge Circle, Norcross, Georgia 30071. PLN owns and operates a wholesale distribution business selling nutritional supplements to customers located across the United States. PLN is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent David Roberts, who is located at 3340 Peachtree Road, Suite 1900, Atlanta, Georgia 30326.

10.     Defendant AVEXYL PHARMA is a subsidiary of PLN which conducts business within the State of Georgia. Avexyl Pharma is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent David Roberts, who is located at 4466 Outpost Court, Roswell, Georgia  30075.

11.     Defendant ERIKSON PHARMACEUTICALS is a subsidiary of PLN which conducts business within the State of Georgia, but is not registered to conduct business with the Secretary of State for the State of Georgia, and a registered agent is therefore currently unknown. However, because Erikson Pharmaceuticals is a subsidiary of PLN, Erikson Pharmaceuticals can also be served through PLN's

4

registered agent, David Roberts, at 3340 Peachtree Road, Suite 1900, Atlanta, Georgia 30326.

12.     Defendant BJARTE RENE is an individual residing within the State of California.  Bjarte Rene is the founder of PLN.  Bjarte Rene maintains either actual or constructive control, oversight and direction of the operations of PLN's salespersons, including the employment, practices and payment relating to those operations, and he thus regularly conducts business within the jurisdiction of this Court.  Bjarte Rene is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served at Bjarte Rene's residence which is located at 16566 Zumaque Street, Rancho Santa Fe, California  92067.

13.     Defendant MELISSA RENE is an individual residing within the State of California.  Melissa Rene is the owner of PLN and regularly conducts business within the jurisdiction of this Court.  Melissa Rene is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served at Melissa Rene's residence which is located at 16566 Zumaque Street, Rancho Santa Fe, California  92067.

14.     At all times material to this action, Defendants were engaged in commerce as defined by Section 203(s)(1)(A) of the FLSA , and had an annual gross volume of business which exceeded $500,000.

15.   At all times during Plaintiff's employment with PLN, the named Plaintiff and all members of this collective action were current or former "employees" of Defendants as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within ten years preceding the filing of this lawsuit.  These same individuals are further covered by Sections 206 and 207 of the FLSA for the period in which they were employed by Defendants.

16.   The overtime provisions set forth in Section 207 of the FLSA apply both to Defendants and to Plaintiff and others similarly situated to Plaintiff who worked for Defendants.

### IV.   VIOLATIONS OF THE FLSA

17.   During the period of time material to this action, Defendants employed Plaintiff and other similarly-situated employees as salespeople.

18.   Plaintiff was responsible for making telephone calls either from his office at PLN's corporate offices or from Plaintiff's home office to potential clients for PLN based upon leads provided by PLN.  A vast majority of the leads provided by PLN to its salespeople were sourced through Alibaba, a third-party online provider of sales leads.

19.   Plaintiff's position as a salesperson conducting business primarily through the telephone for PLN fails to qualify for an exemption to overtime under the Fair Labor Standards Act.

20.     During Plaintiff's employment with PLN, Plaintiff frequently worked more than 40 hours per week without being paid adequate overtime compensation.

21.     Defendants failed to pay Plaintiff for overtime hours worked at a rate of one and one-half times his regular rate of pay, as required by Section 207 of the FLSA. As further evidence of Defendants' flagrant and intentional violation of the overtime compensation requirements imposed by the FLSA, Defendants failed to keep a record of the hours worked by Plaintiff and those similarly situated to Plaintiff, as required by 29 C.F.R. 516.

22.     Upon information and belief, Plaintiff DeVries is entitled to no less than fifty thousand dollars ($50,000.00) in unpaid overtime compensation from PLN. Under the FLSA, Plaintiff DeVries is also entitled to an equal amount in liquidated damages, as well as all fees and costs associated with this action.

## V.     SCOPE OF DEFENDANTS' LIABILITY

23.     There are numerous similarly situated current and former employees of PLN and the other Defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of a Court-supervised Notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated employees, including those misclassified as independent contractors by Defendants, are known to Defendants and are readily identifiable and locatable through Defendants' records.  Specifically, all current and former

employees of Defendants and all affiliated entities in Georgia and other states (if applicable) should be notified, who, at any time during the three years preceding the filing date of this Complaint, up through and including the date of this Court's issuance of a Court-supervised notice, have been considered and/or worked as salespeople for Defendants.

## VI.   COUNT ONE

24.     Plaintiff hereby repeats and incorporates by reference paragraphs 1-23 herein.

25.     By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

26.     Defendants have willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to pay overtime compensation to current and former employees, including Plaintiff and other similarly situated employees, in accordance with Section 207 of the FLSA.

27.     As a result of Defendants' violations of the FLSA, Plaintiff, as well as other similarly situated employees, have suffered damages by failing to receive overtime wages in accordance with Section 207 of the FLSA.

28.     Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and other similarly situated current and former employees of Defendants.

29.     As a result of the unlawful acts of Defendants, Plaintiff and all current and former employees similarly situated to Plaintiff have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, an equal amount in liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation.

### VII.   CONCLUSION

WHEREFORE, the named Plaintiff, individually and on behalf of all other similarly situated persons, pursuant to Section 216(b) of the FLSA, prays for the following relief:

A.    That, at the earliest possible time, Plaintiff be allowed to give notice of this action, or that the Court issue such Notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised Notice, been employed by Defendants as salespeople within the United States.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to opt into this lawsuit if they were not paid by

9

Defendants time and a half for all hours worked in excess of 40 hours in a workweek at any time during the preceding three years.

B.  That all Plaintiffs be awarded damages in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages.

C.  That all Plaintiffs be awarded prejudgment interest;

D.  That all Plaintiffs be awarded reasonable attorneys' fees pursuant to the FLSA, as well as O.C.G.A. §§ 13-6-11 and 9-15-14 to the extent applicable;

E.  That all Plaintiffs be awarded the costs and expenses of this action; and

F.  That all Plaintiffs be awarded such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

Respectfully submitted this 29th day of October, 2015.

Tyler B. Kaspers, Ga. Bar No. 445708
KASPERS & ASSOCIATES LAW OFFICES, LLC
75  14th Street, Suite 2130
Atlanta, GA  30309
404-888-3740 (Phone) / 404-888-3737 (Fax)
tyler@kasperslaw.com

Counsel for Plaintiff JOHN O. DEVRIES